United States District Court
for the
Southern District of Florida

FILED BY MP D.C.
FEB 23 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Daniel Ciforelli
Plaintiff
vs
Miami Beach Police, et al
Defendants

# Complaint for Violation of Civil Rights 42 U.S.C. 1983

## I. Parties to This Complaint

A) Plaintiff

Name:
Daniel Ciforelli FL D.O.C. # V72625

Current Institution:
Charlotte Correctional Institution
Address:
33123 Oil Well RD
Punta Gorda FL, 33955

B) The Defendants

Defendant No 1:
Miami Beach Police Department

Defendant No 2:
Officer Brailsford Sheild No. 843 for Miami Beach Police Department
Defendant No 3:
Officer Haugen Sheild No. Ø1157 for Miami Beach Police Department

Defendant No 4
Sgt Muley Sheild No. 686 for Miami Beach Police Department

The Plaintiff after submitting written correspondence and following up with several phone calls requesting pertinent documents that memo all officers present at arrest only received one of two documents from the Dade County Clerk of Court. Because of this, the Plaintiff requests that the discovery process will obtain all present officers be retrieved so this Complaint can be amended to include them in this Complaint.

The Plaintiff requests ALL individuals complicit be sued in their professional and personal capacities.

II.

A) This suit will be brought as a 1983 claim not a Bivens claim

B) This suit claims violation of Plaintiffs 4th Amendment rights; excessive use of force.

D) Part "D" of section "II" requests explanation of how each officer acted under color of law. For organization and fluidity purposes Plaintiff reserves this explanation until later in this claim

## III. Prisoner Status

Plaintiff is a prisoner of an unrelated crime; that he was compelled to enter a plea in his best interest while maintaining his innocence. Plaintiff filed a Federal Habeas Corpus detailing the lack of care and proper support of the Dade County Public Defender. The Federal Case No. 1:24-cv-23830-JEM The Federal Habeas is incredibly transparent detailing that zero DNA exists and witness deposition detail that they witnessed a male with a white shirt and jeans battered an elderly when the Plaintiff of this complaint and the above Habeas was confirmed to be wearing a red and blue soccer jersey, red hat, and navy blue shorts. However when one was sensationalized on Fox News and only afforded a Public Defender whom explains that it will be hard to be afforded a fair trial given the circumstances; it's not recomended to take a high profile case that demands someone in prison for the crime; therefore it was way to scary to take the gamble. Surety of release is attractive compared to a sensationalized trial with a rookie Attorney whom made zero effort to expedite services with a risk of 20 years in prison vs. 3 years with 20 months credit time served in Dade County; known to be notoriously corrupt in its processes.

# IV. Statement of Claim

A) The events reported in this Claim took place outside of an institution. There are two claims involving the same arresting Officers 48 hours apart both times using an improper collaring technique that caused significant pain and panick that resulted in two violent arrests, when the Plaintiff deserved no treatment of the sort. The following claims are submitted with as much transparency and consideration to the 15 points of consideration the Court examines when determining the merit of an excessive force complaint. The following is all recorded on Body Camera including all initial interaction and escalations that led to the conduct this Complaint looks to expose.

Claim No. 1 Court Case No. B21001036 Dade County
Charges: Trespass count 2 Resisting Arrest without violence.

After getting into an escalated verbal argument over missing belongings with another hostel guest paired in the same shared room; the Plaintiff escalated complaint to hostel staff demanding a room change. The room change was denied so the Plaintiff demanded respectfully a refund. When that was denied the Plaintiff then demanded the owner to address the issue. In response the hostel staff at 1255 West St. Miami Beach FL 33139 called Police irrationally. The Police escorted the Plaintiff off the premises without a chance to gather luggage. With no choice but to return to the lobby at a later time when issue cooled off to attempt to retrieve his luggage; the Plaintiff

did so obviously with every intention to remain professional respectful and peaceful during the attempt. The extensive Body Worn Camera footage will support this vow and keep in mind if the Police found issue with the intensity of conduct not in their presence an arrest would of been made on the first interaction. Please consider that the Plaintiff values the status of his FINRA Series 7 licence as well as his status with his employer and knows very well the consequences of Police interaction possibly affecting remarks pubically published on his licence report. In other words the Plaintiff has heavy incentive to remain professional.* The Court must accept this report of surrounding circumstances because nothing more can be described. Theres nothing for the Plaintiff to possibly leave redacted the situation is as simple as the foregoing.

During the collaring, the two arresting Officers Haugen Sheild No. 00157 and Brailsford Sheild No. 00843 placed the first cuff on Plaintiffs right wrist backwards and proceeded to try and force the second cuff on Plaintiffs left wrist correctly. This requires the Plaintiffs arms to be almost impossibly twisted for both wrists to cuff. The arrest affidavit even quotes the Plaintiff "began to panic yelling that we were going to take his arms off" The Police ignored all pleas for the cuffs to be arranged correctly causing the Plaintiff to become claustrophobic feeling and in fear as well as obvious pain as the Body Camera depicts. One moment to the next that panic errupted into an obvious flight response and resisting ensued out of zero choice but to resist and the criminal Court agreed because they dismissed the charges and

the Judge filed a complaint on behalf of the Plaintiff concerning the circumstances; this complaint filed according to the Public Defender memo to the Plaintiff.

Claim No. 2 Court Case No. F21000931 Dade County Trespassing Count 2 Resisting Arrest with violence

48 hours after the foregoing, the Plaintiff relocates after posting bail on pretrial conditions to a near by cost effective hostel that also pairs strangers together in shared hotel rooms so he may search for an apartment coming from New York. Out of luck of the draw the Plaintiff encounters another situation where one of the paired roomates was drunkenly trying to climb into the same bed and became belligerent after confrontation. The Plaintiff escalated without any choice to reception whom refused to accomidate a room change or refund. Plaintiff had no choice but to escalate to the owner but before the owner could be notified this hostel called the Police. The same two officers arrived on scene Officer Brailsford and Officer Haugen. The situation was peaceful however again this hostel had an issue with me retrieving belongings requiring a return to retrieve. After purchasing 2weeks lost at the previous location, and 2weeks purchaced at this new location it is imperative that the owner is consulted for refund as the Plaintiff was not comfortable and felt unsafe to endure boarding with this other guest. It is understood that claim No. 1 may not constitute excessive force and would qualify as a malpractice of arrest technique but since these officers proceeded to AGAIN collar exactly the same backwards and twisted; it starts to make one assume that they are acting maliciously and given that its twice in 48hrs that could qualify

their actions are excessive. For these officers to proceed to mirror their conduct has to qualify that there is malicious motive or else they would of been careful not to repeat their clear mistake previously. Fresh from previous trauma Plaintiff expressed zero tolerance by slipping from their grasp while right arm was secured backwards with the cuff latched on the right wrist. Plaintiff trots into street and turns to face around 8 plus Officers creating a half moon around the Plaintiff. Plaintiff raises hands jingling the cuff at all of them showing them and verbally explaining that "this cuff is on backwards!" "I need the cuff adjusted and you need to arrest me correctly!" All this on body Camera while simutaneously explaining how "I am now putting my hands behind my head" (while starting to kneel) all at the same time. As Plaintiff does this, they all proceed to close in on Plaintiff and throw him face first on the ground causing a bloody lip. While they are all laughing and cheering that Plaintiff is bleeding saying things like "we got blood!" Another officer at this time is placing his knee on the Plaintiffs diaphram causing the Plaintiff to not be able to expand his lungs. As the officer manipulates his knee around Plaintiffs diaphram the Plaintiff is visibly gasping for air screaming that he "actually cant breath!!" Now the Supervisor crouches down eye level smiling and pulls out his taser. While laughing the supervisor says some witty comment like "are you reedy?" Plaintiff responds "I dont need that I am not resisting" Supervisor responds with something like "too late your getting it" and lets off the taser into the Plaintiffs shin while he is in fetal position. All of this fully evident on body camera. Like Claim 1 the circumstances surrounding

why the Police were called in the first place was as simple as depicted foregoing. The Plaintiff is fully aware that vagueness of circumstances prior to arrest can disqualify this claim. With that noted this Court can be assured that the recollection of all circumstances is reported transparently and supported in full by up to 10 angles and perceptions of Body Camera footage

C. Date and Time of events giving rise to Claim.

Statute of limitations is a concern for this claim. Regarding Excessive use of force claims there is a bit of ambiguity. It is researched that generally the Federal Court does not exactly establish a concrete Statute of Limitation but it can honor local custom depending on the State. It is researched that in Florida the Federal Court follows a four year Statute of limitation from the time of arrest however if prosecution extended for sometime, the court will consider from time of case prosecution closing in the victims favor; in this case the victim of excessive force being the Plaintiff Daniel Ciforelli here. In this case the prosecution of this case extended for 1 year and about a month. The arrest date for claim No 1 was 1/16/2021 and Claim No 2 was 1/18/2021 and both closed under combined case No. B21019070 Dade County on 2/7/2022. With a year of limbo of cases pending it seems only ethical that this Court allow review of this Complaint further. With cases pending one does not think of this process nor research or consult Attorneys. Knowledge of rights concerning Statute of limitations or existence of 42 U.S.C 1983 are not pursued until pending matters resolve successfully. With that said

it would only make sense that a year delay out of the Plaintiffs control could be construed as a malicious delay tactic to forfeit time windows for the victim; in this case the Plaintiff to properly file. If the cases were subsequently dropped a few months into prosecution it is understood that the date of initial incident would be considered. The Plaintiff requests under this ethicacy that the Statute of Limitations be considered from the time of prosecution closing the case in Plaintiffs favor on 2/7/2022 over one year from incident. Please note it was incredibly difficult to get Dade County Clerk of Court to cooperate in revealing both Arrest Affidavits which the Plaintiff needed to properly list Defendants involved. Because of this deadline it is now requested that this Court allow the Discovery process amend the Complaint to include all present Officers on both arrests.

V Injuries

Bloody lip, Sore shoulders, mental trauma, markings from taser

VI Civil Causes of Action

A) Excessive Use of Force

1. Nature of Crime fully explained no other detail can be added
2. Whether Plaintiff posed immediate threat. Simply No.
3. Plaintiff actively resisting. No it was triggered by malicious collaring technique.
4. Amount of time had to determine type of force. It was clear the Plaintiff articulated his concerns over

pain caused by improper collaring. The type of force was being verbally addressed and the Police deliberately ignored as made evident by Body Camera footage in both claims.

5. The relationship between the need for force and amount of force used. The relationship was incoherrant to the need. There was zero need for any arrest at all. Mediation and advice on how to professionally follow up given the hostels at both locations irrationally involved Police.

6. Extent of Plaintiffs injury. Its more about how the Miami Beach Police have abused their authority over the Plaintiff over the years since this incident. After 2021 the Plaintiff's arrest record significantly spiked. Plaintiff a business professional; a financial advisor newly relocated from New York City with barely an arrest record; suddenly on a regular basis compared to his past is repeatedly arrested for frivolous reasons. If this was the Plaintiffs personality than why doesn't his arrest record match? This arrest pattern would of followed from prior to 2021.

7. Any effort made by Officer to temper or limit force. No, they mocked Plaintiffs pleas to do just that clearly evident on Body Camera footage.

8. Severety of Security at issue. No security of area was ever needed customer service was simply needed and advice on how to properly follow up after Police contact was needed and the Plaintiff begged for that advice over the irrational traumaful solution of arrest. As evident by Body Camera footage.

9. Availability of alternative methods. Even if arrest was a reasonable solution the alternative method would be the proper method in concern to collaring.

10. Number of lives at risk. NONE

11. Whether it was practical for Officers to give warning. Mediation was simply needed not arrest as made evident foregoing. It was not practical to inflict any physical pain or abuse to anyone who respects authority and conducts themselves professionally and peacefully showing willingness to comply.

12. The Officers did not respond to a domestic violence claim

13. Whether it was apparent to the Officers that the person was emotionally disturbed. The Plaintiff presented himself as always and naturally in a professional respectful manner as expected by an individual who posesses a FINRA Series 7.

14. Whether a reasonable Officer would of or should have accurately perceived a mistaken fact. The Police know the hostels were silly to involve Police. The Plaintiff simply requested his belongings back and was seeking upper management for a refund and they called Police instead. Simply absurd and immature. They knew they could get the Plaintiff ~~arres~~ arrested and avoid providing refund so they did.

15. Probable cause to believe that person committed a violent offence. There was nothing violent about the situation prior to, during, and after arrest. This is a customer service issue and Plaintiff was following common escalation procedure found in any business. Requesting management trying to schedule with management and coordination to contact owner over dispute. All reitterated on Body Camera footage.

B) Gross Negligence. The fact the arresting Police repeated the same improper collering technique 48 hours apart when Plaintiff educated Police on the issue before needed escalation to forcefully reposition his arms to a none painful and emotionally stressful position should qualify gross negligence by definition of the word.

C) Intentional infliction of emotional distress

1. The wrongdoer conduct was intentional or reckless. That is he intended his behavior when he knew or should have known that emotional distress would likely result. Being that there was a prior mirror image event that occured 48 hours prior with the Plaintiff clearly communicative of his issues should cause investigation into the intentions of the Officer. Officers ignored lessons to be learned during first claim. They are already familiar with Plaintiff. They knew exactly that style of collaring would cause emotional distress after first hand experience 48 hours prior

2. The conduct was outrageous, as to go beyond all bounds of decency and to be regarded as odious and utterly intolerable in a civilized community. The conduct in this claim was flagerantly so. As evident on Body Camera footage.

3. The conduct caused emotional distress. A loud, clear, Yes, as clearly made evident through Body Camera footage.

4. The emotional distress was severe. Severe enough to cause this complaint to be filed to mitigate harrassment in the future. It must be able to be proven the official acted in bad faith or with malicious purposes or in manner exhibiting wanton disregard of safety, human rights, or property. This complaint expresses this flagerant disregard supported by Body Camera footage. Claim No 1 showing poor training Claim 2 showing it is not from poor training or else it would not have been repeated. Claim No 2 gives credibility to calling Police conduct intentional and malicious.

D) Failure to intervene. Plenty of trained Officers were on scene to mitigate and/or take over the collaring correctly and instead increased malicious intent and acted worse than the Officers improperly collaring Plaintiff.
E) Supervisory liability. Arises only when "the Supervisor personally participates in the alleged unconstitutional conduct or when there is casual connection between the actions of the supervising official and the alleged constitutional violation." Can any of this be considered alleged if Body Camera footage depicts without discount all of the conduct reported here in this Complaint? The Supervisor was the worst one deciding to use his taser while the Plaintiff is litterally asking him to intervene; as evident on Body Camera footage.

Supplemental Jurisdiction is requested concerning defamation of Character. 28 U.S.C. 1367
1. Publication. Claim No.1 a bystander posted the events on his TikTok that earned 2.3 million views and about 50,000 mostly negative comments about the Plaintiff. Audio that could of exposed the Police as the negative party was replaced with heavy metal music that trivialized the Plaintiffs image to being some reckless being vs. seeing that Plaintiff was providing valid complaint before resisting ensued.
2. Falsity. Again how the TikTok was perceived by viewers vs what was actually occuring was in stark contrast.
3. An actor who acted with knowledge or reckless disregard concerning a public official or at least negligently on a matter concerning a private person.
4. Actual damages. Affected employment opportunity once.
5. Statement must be defamatory. There are 50,000 mostly negative comments that in no way represent how the Plaintiff was presenting himself with authorities.

VII Relief Requested

The Plaintiff seeks for Miami Beach Police to undergo agency wide sensitivity training, dispute mediation and arrest mitigation training. Education on discrimination and to institute sector rotation of patrol routes to mitigate officers from becoming a harrassing presence to it citizens. Miami Beach Police are notorious for becoming relentless in their attention to local population after interaction. They become stalkative and harrassing to citizens especially after any interaction with them. Its as if they try to run people out of town when in actuality they are upstanding.

The Plaintiff seeks punitive damages. Miami Beach Police are notoriously and openly corrupt. Dade County Courts even admit they conduct themselves very nefariously and they're open about it. They are very well funded so the amount to request for this Police Agency to take complaints like this seriously and actually change for the better must commenserate in order for punitive relief to be affected. The Plaintiff will not be run out of a neighborhood in the United States of America simply because this nations own security agency is the motivating factor for any person to relocate. A person should only leave a town of residence because of natural factors, weather, economy, geographic location, demograph of population, lack of opportunity; not the town's police force ~~act~~ acting like harrassing bullies. It is clearly evident when the Plaintiffs arrest frequency suddenly spikes after they relocate to Miami Beach. As well 2.3 million views on TikTok and 50,000 mostly negative comments that in no way make sense

to the actual nature of the situation causing employment issues, relationship issues, family issues and who knows what other issues exist but have not been reported to the Plaintiff but still affects opportunity. Maybe the Plaintiff was a candidate for recruitment that positively changed his life and is now over looked because of TikTok or rumor from a local bystander. For these reasons the Plaintiff seeks punitive relief. Any attorney would monetize by views and comments by placing a dollar amount behind each view and comment. At roughly 2,300,000 views at 50 cents a view that would equal a reasonable $1,150,000. Defaming comments at 1 dollar a comment would be a reasonable $50,000. It should be more than a dollar a view and two dollars a comment so asking for over half less the reasonable amount should be considered very reasonable considering the long term consequences of the post. Miami Beach Police Department is well funded. After research on reasonable punitive requests the range for such infractions is between $50,000 to $250,000 just for excessive force alone. There are 5 causes for civil action across 10 estimated officers complicit. Please allow the discovery process to identify all present Officers and Supervisor in Claim No.2 The financial responsibility should be assessed by the Court on how much each officer should be responsible for a Punitive Relief request of $1,000,000 for the conduct shared; not each Officer.
Total Dollars requested
$1,200,000 for TikTok defamation
$1,000,000 for conduct shared amongst Officers.
Total $2,200,000 reasonably

VIII  Exhaustion of Administrative Remidies

A) The claim did not arise while confined in jail, prison, or correctional facility

IX  Previous Lawsuits

Plaintiff has not had a case dismissed based on the "three strikes rule" to the best of his knowledge.
A) No other lawsuits concerning this matter exist nor have ever been placed.

B) The Plaintiff has filed a previous Habeas Corpus that was "Dismissed with out predjudice"
1. Parties to previous lawsuit
   Plaintiff Daniel Ciforelli
   Defendants  Office of the Public Defender Carlos J Martinez Secretary of Florida Dept of Corrections and Dade County Prosecutors.

2. Docket No 1:24-CV-23830-JEM
3. Court United States District Court Miami Southern District of Florida
4. Name of Judge  Jose Martinez
5 Date of filing  October 3, 2024
6. Case is closed
7 Result of Case is Dismissed without predjudice.

X Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation (2) is supported by existing law or by a non frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11

A) For Parties Without an Attorney

I agree to provide the Clerks Office with any changes to my address where case-related papers may be sent. I understand that my failure to keep a current address on file may result in the dismissal of my case.

Date of Signing 2/5/2026

Signature of Plaintiff [signature]
Name Printed of Plaintiff Daniel Ciforelli
Prison identification # FL. D.O.C. V72625
Prison Address: Charlotte Correctional Institution
33123 Oil Well RD
Punta Gorda FL, 33955

Charlotte Correctional Institution
33123 Oil Well RD.
Punta Gorda FL 33955

LEGAL MA

FIRST-CL

ZIP 33955
02 7W
0008035663

REC'D BY ________ D.C.
FEB 23 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States District Court
Southern District of Florida
400 N. Miami Ave Rm 8N09
Miami FL 33128-7716

LEGAL MA